IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CYNTHIA ROGERS** | ) |
|  | ) |
| Plaintiff, | )  Civil Action No. |
|  | ) |
| v. | ) |
|  | ) |
| **HARRISON ROSS BYCK P.C.** | ) |
|  | ) |
| Defendant. | ) |

## COMPLAINT

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter the "FDCPA") and other state laws. The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Cynthia Rogers is an adult individual residing at 3143 Lamar Court, Spring Valley, CA 91977.

5. Defendant Harrison Ross Byck, P.C. is a business entity with its principal office located at the Bucks County Office Center, 1276 Veterans Highway, Suite E-1, Bristol, PA 19007. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

**FACTUAL ALLEGATIONS**

6. At all pertinent times hereto, Defendant was hired to collect a debt relating to consumer purchases that were allegedly originally to Washington Mutual (hereafter the "debt").

7. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8. In or around late May, 2011, Defendant contacted Plaintiff's father at his place of residence with the intent to annoy, abuse, and harass such persons contacted. During this conversation, Defendant told Plaintiff's father that they were debt collectors and that they were going to arrest Plaintiff and take her to jail. In response, Plaintiff's father told Defendant that Plaintiff did not live with him and not to call him again.

9. Notwithstanding the above, in or around early June 2011, Defendant continued to contact Plaintiff's father on two more occasions.

10. Notwithstanding the above, in or around June 2011 Defendant contacted Plaintiff at her place of employment in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted. During this conversation Plaintiff informed Defendant that it was not to call her at her place of employment, as such calls were inconvenient to her and that her employer did not permit such calls at her place of employment. Despite being told not to call Plaintiff at work, Defendant continued to call Plaintiff at her place of employment on multiple occasions. Due to the volume of calls received, Plaintiff's supervisor told Plaintiff that she had to have Defendant stop contacting her at work or she would be at risk of losing her job.

11. Notwithstanding the above, in or around June 2011 Defendant contacted Plaintiff at her place of residence in an attempt to coerce payment of the debt with the intent to annoy,

abuse, and harass such persons contacted. During this conversation, Defendant told Plaintiff that they were going to come and take her house.

12. Notwithstanding the above, in or around June 2011 Defendant contacted Plaintiff at her place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted. During this conversation, Defendant told Plaintiff that she was a liar and a criminal.

13. Notwithstanding the above, in or around June 2011 Defendant contacted Plaintiff at her place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted. During this conversation, Defendant told Plaintiff that they would sue her and that they were going to take her house. In response, Plaintiff told Defendant that she didn't think that was possible. Defendant replied "we have our ways."

14. In or around June 2011 Plaintiff wrote and sent to the Defendant by U.S. mail a letter which, *inter alia*, disputed the debt and stated that she wanted Defendant to cease and desist communications to her by telephone.

15. Notwithstanding the above, in or around June 2011 Defendant called Plaintiff at her place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted. During this conversation, Defendant told Plaintiff that she was stupid for sending the above mentioned letter to Defendant.

16. To date, Defendant has failed to provide Plaintiff with any verification of the alleged debt.

17. At all pertinent times hereto, when Defendant's representatives spoke with Plaintiff, they were rude, impolite, obstanant and threatening.

18. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer for the purpose of acquiring anything other than location information about the consumer.

19. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the debt and disclosing the debt to a person other than the debtor.

20. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any other person than the consumer on more than one occasion.

21. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with a consumer in connection with the collection of any debt at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

22. Defendant acted in a false, deceptive, misleading and unfair manner by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

23. Defendant acted in a false, deceptive, misleading and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

24. Defendant acted in a false, deceptive, misleading and unfair manner by using false, deceptive, or misleading representation or means in connection with the collection of any debt.

25. Defendant acted in a false, deceptive, misleading and unfair manner by representing or implying that nonpayment of any debt will result in the arrest or imprisonment of

any person or the garnishment of any wages of any person unless such action is lawful and the debt collector intends to take such action.

26. Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take any action that cannot legally be taken or that is not intended to be taken.

27. Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing or implying that the consumer committed any crime or other conduct to disgrace the consumer.

28. Defendant acted in a false, deceptive, misleading and unfair manner by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain any information concerning a consumer.

29. Defendant acted in a false, deceptive, misleading and unfair manner by using unfair or unconscionable means to collect or attempt to collect any debt.

30. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

31. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

32. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

33. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I - VIOLATIONS OF THE FDCPA

34. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35. Defendant is a "debt collectors" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

36. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

37. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

38. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(3), 1692c(a)(1), 1692c(a)(3), 1692c(b), 1692d, 1692d(5), 1692e, 1692e(2)(A), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692f, and 1692g as evidenced by the following conduct:

    (a) Communicating with any person other than the consumer for the purpose of acquiring anything other than location information;

    (b) Communicating with any person other than the consumer and disclosing the debt to that person;

    (c) Communicating with any person other than the consumer on more than one occasion;

(d) Communicating with the consumer in connection with the collection of any debt at the consumer's place of employment if the debt collector has reason to know that the consumer's employer prohibits the consumer from receiving such communication;

(e) Communicating with any person other than the consumer in connection with the collection of any debt;

(f) Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(g) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

(h) Failing to provide verification information of a debt pursuant to 15 U.S.C. 1692g of the FDCPA;

(i) Representing or implying that nonpayment of any debt will result in the arrest or imprisonment of any person or the garnishment of wages of any person unless such action is lawful and the debt collector intends to take such action;

(j) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

(k) Falsely representing or implying that the consumer committed any crime or other conduct in order to disgrace the consumer; and

(l) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

39. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

40. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT II – INVASION OF PRIVACY

41. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

42. Defendant's conduct, including but not limited to continuing to contact Plaintiff at Plaintiff's place of employment after Plaintiff requested that Defendant cease doing so as well as threatening Plaintiff that she would be arrested on criminal charges, constitutes an invasion of privacy.

43. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## JURY TRIAL DEMAND

44.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

       (a)  Actual damages;

       (b)  Statutory damages;

       (c)  Punitive damages;

       (d)  Costs and reasonable attorney's fees; and

       (e)  Such other and further relief as may be just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C**.

BY:   */s/ Mark D. Mailman*
MARK D. MAILMAN, ESQUIRE
GEOFFREY BASKERVILLE, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

DATE: November 30, 2011